### 75624. BLANCO v. THE STATE.
(364 SE2d 903)

BANKE, Presiding Judge.

The appellant was convicted of aggravated assault upon a police officer. He appeals from the denial of his motion for new trial. *Held*:

1. The appellant assigns as error the refusal of the trial court to permit the following inquiry on voir dire: "Is there any reason that you would give more credibility to the testimony of a law enforcement officer by virtue of the fact that he's a law enforcement officer?" The appellant contends that this question was proper under OCGA § 15-12-133, in that it sought to elicit any bias arising from the fact that the victim and a second witness for the state were police officers.

The Georgia appellate courts have previously ruled that it is not error to refuse to allow defense counsel to ask whether a prospective juror would tend to believe or prefer the testimony of a police officer over other testimony. See *Henderson v. State*, 251 Ga. 398 (1) (306 SE2d 645) (1983); *Morrison v. State*, 155 Ga. App. 234 (1) (270 SE2d 397) (1980). The conduct of voir dire is within the sound discretion of the trial court, and this discretion will not be disturbed on appeal unless manifestly abused. *Messer v. State*, 247 Ga. 316, 323 (5) (276 SE2d 15) (1981). In the present case, the prospective jurors were aware that the victim was a police officer when they were asked on voir dire if they knew of any reason why they could not be fair and impartial in the case, and the trial court gave a full and fair charge on the issue of credibility of witnesses at the conclusion of the trial. For these reasons, we find no manifest abuse of discretion on the part of the trial court in refusing to permit the requested voir dire question-

ing.

2. The appellant contends that the trial court erred in failing to charge the jury on the misdemeanor offense of reckless endangerment, OCGA § 16-5-60, as a lesser included offense. Citing *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985), he asserts that the jury was authorized under the circumstances of this case to find that he was guilty merely of criminal negligence rather than intentional misconduct. We find this contention to be without merit. There was no evidence in the present case which, if believed, would have authorized a finding that the gun was fired unintentionally. The record reflects that the jury was charged not only on aggravated assault but also on simple assault and the offense of pointing a pistol at another. Under the evidence presented in this case, the trial court did not err in refusing to give the requested charge on reckless endangerment.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 13, 1988.

*John T. Chason, Drew R. Dubrin*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, David Wright, Assistant District Attorneys*, for appellee.