## S91A0052. YARBOROUGH v. THE STATE.
#### (402 SE2d 716)

HUNT, Justice.

Joe Yarborough, Jr. was convicted of murder, armed robbery, and arson in the killing of Glenda Ann Strickland. He was given two life sentences and 20 years to be served consecutively, after the jury refused to impose a death sentence.[1] He appeals, raising questions con-

---

[1] Glenda Ann Strickland was killed on March 9, 1987, and the defendant was indicted for her murder on March 26. He was convicted on June 4, 1988, and filed his motion for new trial on July 1. The transcript was certified on November 23, and the motion for new trial was denied on June 6, 1990. The defendant filed his notice of appeal on June 18, and the case

cerning the evidence admitted at his trial, the jury's qualification under *Witherspoon,* and the charge. We affirm.

After the victim left her home early the morning of March 9, 1987, to open the convenience store she managed in Wayne County, she was run off the road in her car and killed by a shotgun blast to her head. The store's receipts were taken from her car and the car set afire. The defendant's truck was seen parked along the road shortly before the murder and a work glove, which matched another found in the defendant's truck, was found at the scene of the shooting. The defendant claimed his brother, Robert, committed the crimes. Saying he thought he knew where Robert had hidden the stolen items, the defendant retrieved the money bags containing credit card receipts and checks made out to the store from a dumpster and two plastic bags containing cash from a hole in the ceiling of the service station the defendant operated with his brother, which was next door to the convenience store managed by the victim. Robert pleaded guilty and testified on behalf of the state, relating how the defendant and he had waited by the side of the road for the victim and had run her car off the road before the defendant shot her three times as she tried to escape from the car.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder, armed robbery, and arson beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. (a) Yarborough's arguments that exculpatory evidence was withheld by the state, presented essentially by way of speculation, demonstrate no harm or prejudice to the defendant and do not appear to have been raised at trial. It is unnecessary to address these enumerations further as they in no event require a new trial.

(b) The photographs of the victim made at the scene of the crime, though grisly, were admissible. *Moses v. State,* 245 Ga. 180, 187 (263 SE2d 916) (1980).

(c) The admission of the detective's statement that an anonymous caller placed the defendant's truck in the vicinity of the victim's home shortly before the murder, was, if error under *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982), harmless, because the witness who had seen the truck testified at trial to the same facts.

3. The defendant made no objection at voir dire when some of the jurors were excused under *Witherspoon.* There is no merit to his contention that the jury might have been more favorable for acquittal

---

was submitted for decision on November 30, 1990.

if the jury had not been *Witherspoon* qualified. *Catchings v. State,* 256 Ga. 241, 243 (347 SE2d 572) (1986); *Blankenship v. State,* 258 Ga. 43 (2) (365 SE2d 265) (1988).

4. The defendant complains about the giving of a felony murder charge. No such charge was given by the trial court and, in fact, the defendant agreed there would be no charge on felony murder. With respect to his contention that the court refused to charge on alibi or "mere association," the record fails to show in what form or manner these charges were requested, nor has the defendant demonstrated that such requests, if any, were required by the evidence. The trial court correctly refused defendant's request to charge on the flight of the co-defendant because the requested charge was not a proper statement of the law. *Crass v. State,* 150 Ga. App. 374 (8) (257 SE2d 909) (1979). See *Renner v. State,* 260 Ga. 515 (397 SE2d 683) (1990) (charges on flight should no longer be given).

For the reasons stated, the trial judge properly denied the motion for new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only.*

DECIDED APRIL 11, 1991.

*Lloyd D. Murray,* for appellant.

*Glenn Thomas, Jr.,* District Attorney, *Stephen D. Kelley,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *C. A. Benjamin Woolf,* for appellee.

