## S96A0213. CLIFFORD v. THE STATE.
### (469 SE2d 155)

HINES, Justice.

Shelton Lee Clifford was found guilty of malice murder, felony murder while in the commission of aggravated assault, and possession of a firearm during the commission of murder in connection with the fatal shooting of Samuel J. Crowder. We affirm Clifford's convictions.[1]

The evidence, considered in a light most favorable to the verdict, showed that Clifford and Leonard Sapp had a confrontation on July 10, 1993. Just after midnight on July 11, Clifford and some of his supporters arrived at the murder scene and Clifford and Sapp exchanged insults. Clifford drew a handgun, fired into the air, and then into a residence where Crowder was fatally wounded by a .45 caliber bullet. Eyewitnesses testified that Clifford was the only one with a weapon and that the only shots fired at the residence came from Clifford's direction. A .45 caliber shell casing was found in the area where Clifford was standing. Clifford fled the scene after the shooting.

---

[1] The crimes occurred on July 11, 1993. Clifford was indicted on September 21, 1993, for malice murder, felony murder while in the commission of aggravated assault, and possession of a firearm during the commission of murder. He was tried on November 30-December 2, 1994, and was found guilty of all charges. On December 2, 1994, Clifford was sentenced to life imprisonment for the malice murder and five years of incarceration to be served consecutively for the possession of firearm charge. The felony murder stood vacated by operation of law, OCGA § 16-1-7. Clifford was granted an out-of-time appeal on January 31, 1995, and filed a notice of appeal that day. The appeal was docketed in this Court on October 31, 1995, and the case was submitted for decision without oral argument on December 25, 1995.

1. The evidence was sufficient to enable a rational trier of fact to find Clifford guilty beyond a reasonable doubt of the crimes with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Any inconsistencies in the witnesses' testimony did not render it without probative value, but went to the weight and credit to be afforded it by the jury. OCGA § 24-9-80. The jury is to disregard only testimony shown to be wilfully and knowingly false in its entirety, which was not the situation here. OCGA § 24-9-85; *Jones v. State*, 265 Ga. 84, 85 (2) (453 SE2d 716) (1995).

2. Clifford contends that the trial court committed error of constitutional magnitude by improperly commenting on his failure to testify or to present evidence[2] when it charged the jury, "[n]ow while you may consider the number [of] witnesses on each side and the exhibits submitted on each side, you are not required to decide in favor of the side with the most witnesses or exhibits." The challenge fails.

When asked for objections to the charge, Clifford made no objection to the instruction nor did he reserve the right to do so on motion for new trial or on appeal. In general, under these circumstances appellate review is barred. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750) (1994). However, this Court may review an erroneous charge, even without exception, where there has been substantial error in the charge which was harmful as a matter of law. OCGA § 5-5-24 (c). Although such harm is asserted, that is not the case.

It is true that this type of charge is ordinarily inapt in a criminal case and it is the better practice not to give it.[3] But to do so may not constitute reversible error, if the instruction is found to be harmless. See *Fountain v. State*, 207 Ga. 144 (1) (60 SE2d 433) (1950), overruled on other grounds, *Lavender v. State*, 234 Ga. 608, 610 (2) (216 SE2d 855) (1975); *Harper v. State*, 201 Ga. 10, 17 (2) (39 SE2d 45) (1946); *Couch v. State*, 73 Ga. App. 153, 158 (5) (35 SE2d 708) (1945). A review of the court's instruction as a whole shows that the charge did not result in harm to Clifford. The entire instruction clearly informed the jury of the State's burden of proof and in no manner constituted an impermissible comment on the failure to testify or present evidence. Immediately preceding the charge, the jury was instructed that the defendant was under no duty to present any evidence tending to prove innocence or to take the stand and testify, and that if the

---

[2] During cross-examination of a State's witness, Clifford had admitted into evidence as "Defendant's Exhibit No. 1" the Georgia Bureau of Investigation's Division of Forensic Sciences' Official Report regarding the bullet from the victim's body.

[3] The charge may be properly given as part of the instruction to the jury about assessing the credibility of witnesses in a civil case. See Suggested Pattern Jury Instructions, Vol. I: Civil Cases, Part II (D), General Instructions (3rd ed. 1991). This is so because it relates to the quantum of proof in a civil case, that is, a determination of where the preponderance of the evidence lies. OCGA § 24-4-4.

defendant elected not to testify, the jury was not to hold that fact against him nor to draw from it any hurtful, harmful, or adverse inference.

3. Clifford's contention that the trial court misstated the law by charging that intent "may be inferred from the proven circumstances or by acts and conduct or it may be *in your discretion* inferred when it is the natural and necessary consequence of the act"[4] fails. Clifford neither objected to the charge nor reserved his right to do so later. *Russell*, supra at 122 (3).

4. Clifford contends that the trial court erred in failing to declare a mistrial after the jury declared it was deadlocked. The contention is unavailing.

The record discloses that sometime after the lunch recess, the jury sent out two questions, one asking what was the next step if a unanimous decision could not be reached. After approximately two hours and fifteen minutes of jury deliberation, the court returned the jury to the courtroom, gave it an *Allen*[5]-type charge and sent it back to further consider the case. Clifford made no request for a mistrial and, in fact, stated that he had no objection to the court's charge. After another recess, the jury indicated it was unable to reach a verdict. The court returned a written response telling the jury to continue to deliberate in an effort to reach a unanimous decision. Clifford did not object to the response nor did he move for a mistrial. The jury was sent home for the evening and the next day reached its verdict. Under these circumstances where there was no motion for mistrial, no objection to the court's *Allen* charge, no indication from the jury that it was hopelessly deadlocked, and where the length of deliberation was not excessive, there was no abuse of the trial court's discretion in allowing the jury to further consider the case. *Glass v. State*, 250 Ga. 736, 738 (2) (300 SE2d 812) (1983) (the determination as to whether the jury is hopelessly deadlocked is a matter somewhat in the discretion of the trial court); see, e.g., *Dean v. State*, 215 Ga. App. 23, 24 (3) (449 SE2d 622) (1994); *Albert v. State*, 180 Ga. App. 779, 786 (8) (350 SE2d 490) (1986).

5. Clifford contends that the trial court erred in failing to inquire whether or not his counsel wished to poll the jury and that his counsel had no opportunity to request a poll because the court immediately dismissed the jury after publication of the verdict. The contentions are without merit. Here, the court was not under a duty to ask the defendant if a jury poll was desired. It was up to the defendant to timely request that the jury be polled regarding its verdict. See *Fa-*

---

[4] The instruction is from Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 2 (I), General Charges (2nd ed. 1991).

[5] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

*vors v. State*, 234 Ga. 80, 88 (6) (214 SE2d 645) (1975). Moreover, the trial record does not support the contention that defense counsel was denied the opportunity to seek a poll. Even if the court dismissed the jury shortly after publication of the verdict, defense counsel failed to register an objection or indicate in any manner that defendant wished to hear the jury on its verdict of his guilt.

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General*, for appellee.