S96A1532. SECKINGER v. THE STATE.
(477 SE2d 129)

FLETCHER, Presiding Justice.

A jury convicted James Seckinger of murder in the death of Betty Kersey.[1] He appeals challenging the sufficiency of the evidence and the trial court's failure to give a charge on "guilty but mentally ill." Because Seckinger's own statement admitting the shooting and the corroborating physical evidence were sufficient evidence and because the evidence did not support a charge of guilty but mentally ill, we affirm.

The evidence at trial showed that Seckinger arrived at the police station asking for an ambulance for his stepmother who had been shot. When Seckinger took police to his apartment, they found Kersey nude in a partially filled bathtub with a gunshot wound to the back of the head. Seckinger gave several statements to police, in which he variously claimed that prowlers may have been involved, that he awoke after a nightmare to discover that the gun had gone off and she had been shot, and finally, that he had an argument with Kersey that night, shot her in the back of the head while she slept,

---

[1] The crime occurred on August 10, 1995. Seckinger was indicted for malice murder on October 9, 1995. Following a jury trial, he was found guilty on February 6, 1996 and sentenced to life. He filed a motion for new trial on March 6, 1996, which was denied on June 11, 1996. He filed a notice of appeal on June 11, 1996. The appeal was docketed in this Court on June 19, 1996 and submitted for decision without oral argument on August 12, 1996.

and then put her in the bathtub and used a butcher knife to remove her clothes. At trial Seckinger testified that on the night of the shooting, he was returning from a walk when he saw a man running from the back door. Seckinger explained that he gave the incriminating statement only because he feared for his own life. The state also introduced a detailed outline that Seckinger admitted writing, which described a murder that was very similar to the physical evidence presented at trial.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Seckinger guilty of the crimes charged beyond a reasonable doubt.[2]

2. Seckinger did not give notice of his intention to raise the defense of mental illness[3] and offered no evidence that at the time of the crime he had a disorder that significantly impaired his judgment, behavior, capacity to recognize reality, or ability to cope with ordinary demands of life.[4] Therefore, the trial court's failure to give a charge on "guilty but mentally ill" was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*Straughan & Straughan, Mark W. Straughan,* for appellant.
*Timothy G. Vaughn, District Attorney, Michael J. Bowers, Attorney General,* for appellee.

