## S97A0492. BRINSON v. THE STATE.

(486 SE2d 830)

BENHAM, Chief Justice.

Eddie James Brinson brings this appeal to contest his conviction for murder and possession of a firearm during commission of a felony.[1] Evidence at trial showed that the victim's body was found by the roadside on a Monday morning. On the immediately preceding weekend, several persons saw the victim in the company of Brinson and his co-defendant, Jones. Jones's girl friend testified that Brinson told her earlier that he was going to kill the victim, then claimed on Sunday that he had killed the victim. According to the witness, Brinson and Jones explained that Jones drove the victim's car; the victim rode in the passenger seat; and Brinson, riding in the back seat, shot the victim in the back of the head. Forensic evidence established that the killing took place in substantially the manner allegedly described by Brinson and Jones to the witness. Two other witnesses also testified that Brinson told them he killed the victim because the victim had stolen cocaine from him.

1. The testimony recounting Brinson's and Jones's admission of the shooting, evidence regarding the manner of death, and evidence that Brinson and Jones were seen with the victim in his car on Sunday evening, was sufficient to authorize a rational trier of fact to find Brinson guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Seckinger v. State*, 267 Ga. 260 (477 SE2d 129) (1996).

2. An investigator's testimony was used at trial to supply the foundation for the admission of a tape recording of an out-of-court statement by a witness who had already testified and had been released from his subpoena. Brinson objected to the playing of the tape recording on the ground that the witness was not available to be cross-examined about his statement and its inconsistencies with his testimony at trial, and moved for a mistrial when the statement was played over his objection.

In *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), this

---

[1] The murder occurred on January 29, 1995, and Brinson was indicted on March 7, 1995, for murder, felony murder (aggravated assault), armed robbery, and possession of a firearm during commission of a crime. A jury trial commencing on August 16, 1995, concluded on August 18 with a verdict of guilty of murder, felony murder, and possession of a firearm during commission of a crime, and an acquittal on the armed robbery charge. Brinson was sentenced on September 14, 1995, to life imprisonment for murder and five years, to be served consecutively to the murder sentence, for possession of a firearm during commission of a crime. Brinson's motion for new trial was filed on September 25, 1995, and was denied on November 13. A notice of appeal was filed November 26, 1995, and the case was docketed in this Court on December 17, 1996. The appeal was submitted for decision on the briefs.

Court held that an inconsistent statement of a witness who is present and available for cross-examination may be admitted as substantive evidence. The expectation that the witness be available at the time the statement is introduced and afterward is indicated by this language from *Gibbons*, supra at 863:

> With respect to the truth of the prior statement, the jury has the opportunity to observe the declarant as he may repudiate or vary his former statement, and as he is cross-examined. Thus, the jury can determine whether to believe the present testimony, the prior [statement] — or neither.

We also addressed the importance of the declarant being present in *Rollins v. State*, 262 Ga. 698 (2) (425 SE2d 285) (1993), where the statement was ruled admissible because "[t]he witnesses had ample 'opportunity to explain or deny the prior contradictory statement[s].' [Cit.]"

Although we consider it clear that a statement such as was introduced here should not be admitted unless the declarant is available at that time for cross-examination, we do not find the admission of the statement to require reversal of Brinson's conviction. The defense had an ample opportunity to cross-examine the witness while he was still present, and did so, using a transcript of the statement at issue. The portion of the statement which Brinson contends constituted hearsay on hearsay was expressly excluded by the trial court and the jury was directed to ignore that portion of the statement. Considering the safeguards employed by the trial court and the extensive cross-examination of the witness, we conclude that it is highly probable that the error in admitting the tape-recorded statement did not contribute to the verdict and was, therefore, harmless, as was the denial of Brinson's motion for mistrial. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. Brinson also complains about the admission of hearsay during the testimony of the same investigator who authenticated the tape recording discussed above. Over a continuing objection, the trial court permitted the investigator to recount his conversations with a witness who had testified and been released from her subpoena; with unnamed persons at a motel where the victim had been seen; with motel employees and an unnamed police officer about the arrest of another person; and with unnamed persons in the neighborhood where the victim's car was found.

The basis for the trial court's decision to admit the hearsay testimony was that it explained the investigator's conduct in investigating Brinson as a suspect in this case. The state asserted, and the trial court accepted, that the investigator's conduct was relevant because

the defense had suggested that persons other than the two defendants on trial had killed the victim. We disagree and find the admission of the hearsay testimony erroneous.

> [R]arely will the "conduct" of an investigating officer need to be "explained," as in practically every case, the motive, intent or state of mind of such an officer will not be "matters concerning which the truth must be found." The hearsay rule, OCGA § 24-3-2, must be kept within its limits to avoid the admission of "rumor, gossip, or speculation." [Cit.]

*Renner v. State*, 260 Ga. 515 (2) (397 SE2d 683) (1990). This case is not one in which the conduct of the investigator needed to be explained. The suggestion by the defense that someone other than the two defendants on trial committed the crime was no more than a denial of guilt and did not call the investigation into question as did cross-examination specifically questioning the efficacy of the crime scene investigation in *Holmes v. State*, 266 Ga. 530 (2) (468 SE2d 357) (1996).

Although the admission of the hearsay testimony was error, we are not convinced that the error was harmful. As to the witness who had been released from her subpoena, the investigator's testimony was merely cumulative and its admission does not require reversal. *Yarborough v. State*, 261 Ga. 169 (402 SE2d 716) (1991). As to the rest of the hearsay in the investigator's testimony, we fail to see that any of it was particularly relevant, and do not find it inculpatory or otherwise prejudicial to appellant. The basis on which the testimony was admitted was clearly erroneous, but since we conclude that it is highly probable that the error did not contribute to the verdict, we find it harmless. *Johnson*, supra.

4. The trial court instructed the jury that it could consider the number of witnesses on each side. We recently stated, "this type of charge is ordinarily inapt in a criminal case and it is the better practice not to give it." *Clifford v. State*, 266 Ga. 620 (2) (469 SE2d 155) (1996). It is error to give this charge and while we do not reverse this case, we hold that it should not be given in a criminal case. Here, as in *Clifford*, the giving of the charge was not reversible error since the charge as a whole clearly informed the jury of the State's burden of proof, that the defendant was under no duty to present any evidence tending to prove innocence, and that no inference should be drawn from the defendant's election not to testify.

5. After the delivery of the verdict, the trial court excused the jury without offering defense counsel an opportunity to poll the jury. Contrary to Brinson's argument on appeal, the trial court is not required to specifically inquire of counsel whether a poll of the jury is

desired. Id., Division 5. Here, as in *Clifford*, there was no objection at trial and no indication that defense counsel wanted to poll the jury.

6. Where, as here, the trial court properly instructs the jury on circumstantial evidence, it is not error to refuse to give a requested "two equal theories" charge. *Smith v. State*, 264 Ga. 857 (4) (452 SE2d 494) (1995).

7. Finally, Brinson's objection on appeal to the admission at trial of the autopsy report will not be considered because the ground of that objection, that the report served only to inflame the jury, was not raised at trial. *Mundy v. State*, 259 Ga. 634 (4) (385 SE2d 666) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 14, 1997.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.