## S99A1581. JONES v. THE STATE.
(527 SE2d 543)

HINES, Justice.

Michael Jones, Jr. appeals his conviction for the malice murder of Rico Allen. Jones challenges the sufficiency of the evidence, the denial of his motion to suppress, the admission of certain out-of-court statements, and the trial court's instruction to the jury. Finding that none of the alleged errors requires reversal of Jones's conviction, we affirm.[1]

---

[1] Rico Allen was murdered on January 29, 1995. On March 7, 1995, a Richmond County grand jury indicted Jones, along with Eddie James Brinson, for malice murder, felony murder while in the commission of aggravated assault, armed robbery, and possession of a firearm during commission of a crime. Jones and Brinson were tried before a jury August 16-18,

The State presented evidence that Allen's body was discovered along a roadside in Richmond County around 10:00 a.m. on Monday, January 30, 1995. It appeared that the body had been there ten to twelve hours. The cause of death was determined to be a gunshot wound to the back of the head. The police located Allen's car the next day and observed what appeared to be dried blood on the front passenger seat and a blood splatter on the back seat, which was consistent with a contact wound.

Allen had spent the weekend of January 28-29 at a motel and had more than $1,000 in cash with him. That Sunday afternoon, the victim was seen in his car with Jones and co-defendant Brinson. Jones's girlfriend testified that about noon on Sunday Brinson told her and Jones that he was going to kill Allen, and that later, on Sunday evening, Brinson related that he had shot the victim in the back of the head; Brinson demonstrated this to the woman by pretending to put a gun to the back of her head. Jones and Brinson explained to her that Jones drove Allen's car while Allen rode in the passenger seat, and Brinson, who was in the back seat, shot Allen in the back of the head. Two other witnesses testified that Brinson told them that Allen was killed because he had stolen cocaine from him.

1. Jones contends that the evidence of his guilt was insufficient because it was based on the testimony of two witnesses, one of whom was biased against him and the other whose testimony was so inconsistent as to be unworthy of belief. However, it was for the jury to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts. *Bowden v. State*, 270 Ga. 19, 21 (4) (504 SE2d 699) (1998); *Hodnett v. State*, 269 Ga. 115, 116 (1) (498 SE2d 737) (1998). The evidence was sufficient to authorize a rational trier of fact to find Jones guilty beyond a reasonable doubt of the malice murder of Rico Allen. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to trial, Jones filed a motion to suppress/motion in limine, which ostensibly was denied.[2] He sought to suppress evidence of his arrest at a motel room on the grounds that he was arrested and charged without probable cause in violation of OCGA § 17-4-20; that

---

1995. Jones was found guilty of malice murder but acquitted of the remaining charges, and he was sentenced to life imprisonment by order dated September 14, 1995 and filed September 19, 1995. Brinson was found guilty of malice murder, felony murder, and possession of a firearm during commission of a crime but acquitted of the armed robbery charge, and he was sentenced to life imprisonment and a consecutive five years incarceration. Brinson's convictions were affirmed on appeal. *Brinson v. State*, 268 Ga. 227 (486 SE2d 830) (1997). Jones filed a motion for new trial on September 15, 1995, and the motion was denied on April 26, 1999. A notice of appeal was filed on May 18, 1999, and the case was docketed in this Court on July 23, 1999. The appeal was submitted for decision on September 13, 1999.

[2] The record does not contain any ruling on the motion and no transcript of the hearing has been provided.

certain items were illegally seized and confiscated; that the search was conducted without either a search or arrest warrant; that the arresting Augusta Police Department officer was outside the Augusta city limits, and therefore, lacked authority to effectuate the arrest; and that as a result of the illegal arrest, Jones made certain incriminating statements which were not freely and voluntarily made.

Jones now challenges the denial of his motion, but does not cite the admission at trial of any physical evidence taken or statements made by him resulting from the arrest. Instead, he argues that the officer had no authority to arrest him or his girlfriend, and that because of the illegal arrests, his girlfriend was found with cocaine in the motel room, and thus, forced to cooperate with police and implicate him in the murder. Even assuming arguendo that Jones has standing to challenge the legality of his girlfriend's arrest and subsequent statements, there is no indication that Jones made this argument to the trial court at the suppression hearing. See *Hill v. State*, 224 Ga. App. 208, 209 (2) (480 SE2d 256) (1997). And the record discloses that Jones failed to raise this issue at trial, either at the time of his girlfriend's testimony or that of the subject officer; therefore, the complaint will not be heard on appeal. *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992). What is more, the only trial evidence of the arrests belies the claim of illegality due to lack of police authority. Jones's counsel cross-examined the officer about the circumstances of his motel encounter with Jones and his girlfriend for the expressed purpose of determining the officer's credibility, and the officer's testimony was that he did not arrest either Jones or his girlfriend and that any arrests at the motel were accomplished by the Richmond County Sheriff's Department.

3. Jones fails in the contention that the trial court committed reversible error in admitting a tape recording of an out-of-court statement by a witness who had already testified and had been released from his subpoena. This Court has already determined that under the circumstances in this case, the admission was harmless. *Brinson v. State*, supra at 228 (2); *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

4. "Rarely will the 'conduct' of an investigating officer need to be 'explained,' as in practically every case, the motive, intent or state of mind of such an officer will not be 'matters concerning which the truth must be found.' The hearsay rule, OCGA § 24-3-2, must be kept within its limits to avoid the admission of 'rumor, gossip, or speculation.' [Cit.]" *Brinson* at 229 (3), quoting *Renner v. State*, 260 Ga. 515 (2) (397 SE2d 683) (1990). See also *Render v. State*, 267 Ga. 848, 849 (2) (483 SE2d 570) (1997). As stated in *Brinson*, "[t]his case is not one in which the conduct of the investigator needed to be explained." Id.

at 229 (3). Therefore, as Jones maintains, the trial court was in error in allowing the investigator to recount conversations with various individuals, not then in court, on the basis that the hearsay would explain the investigator's conduct. But, because the hearsay was in one instance merely cumulative, and in the remaining instances, irrelevant and not prejudicial to Jones, it is highly probable that the court's error did not contribute to the verdict, and was thus, harmless. *Brinson* at 229 (3); *Johnson,* supra. Compare *Render v. State,* supra.

5. The trial court erred in instructing the jury that it could consider the number of witnesses on each side. As this Court has clearly stated, this instruction is inapt in a criminal case and should not be given. *Brinson* at 229 (4); *Clifford v. State,* 266 Ga. 620 (2) (469 SE2d 155) (1996). However, giving the charge in this case will not result in reversal of Jones's conviction because the

> charge as a whole clearly informed the jury of the State's burden of proof, that the defendant was under no duty to present any evidence tending to prove innocence, and that no inference should be drawn from the defendant's election not to testify.

*Brinson* at 229 (4).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 6, 2000.

*Ellis R. Garnett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.