A01A0582. TWEEDELL v. THE STATE.
(546 SE2d 306)

ELDRIDGE, Judge.
A Cobb County jury convicted Michael Anthony Tweedell of three counts of armed robbery. He was sentenced to 20 years to

serve.[1] The defendant appeals from the superior court's denial of his motion for new trial, as amended, contending that the evidence was insufficient to support his conviction. Finding this claim to be without merit, we affirm. *Held*:

When reviewed in the light most favorable to the verdict, *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998), the record shows that a white male entered a Cobb County health food store on a July 1992 afternoon. The perpetrator approached two cashiers at the cash register, opened his shirt revealing a handgun in the waistband of his pants, and demanded the money in the register. He also told one of the cashiers to hand over her jewelry. Seeing that the cashiers were having difficulty in opening the cash drawer, the perpetrator directed that they ring up a snack package of banana chips in the apparent belief that this would open the register. In doing so, he handled a chips bag with his hand. On being given the money, approximately $150, the perpetrator vacated the premises, the armed robbery taking place in not more than ten minutes.

Told by the cashiers that the perpetrator had touched the package of chips, a detective at the crime scene secured the same in an evidence bag. Subsequently, a crime scene technician lifted a fingerprint from the bag and placed it on a latent fingerprint card. In 1998, not having been able to previously identify the fingerprint, the police screened the latent print using the Automated Fingerprint Identification System, a system which had recently been procured. Computer analysis identified a known print of the defendant as the closest of ten matches to the latent print.

At trial, the State's fingerprint analyst testified that his visual comparison of the fingerprints confirmed that the latent print belonged to the defendant. Although conceding their inability to positively identify the defendant as the perpetrator in or out of court, each cashier gave testimony describing him as a white male, standing about five and a half feet tall, weighing approximately 150 pounds, and having unkempt, long, brown hair. They also testified that they had never seen the perpetrator before the armed robbery, one cashier having been employed by the store for two years, the other for three months.

The defendant does not challenge the conclusions drawn by the State's fingerprint expert upon testimony and evidence in the record as matters for the jury's determination. *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 635 (1) (512 SE2d 34) (1999). Rather, the defendant points to the testimony of his own fingerprint expert indi-

---

[1] The superior court merged Count 1 with Count 3 for sentencing as charging takings of currency and property from a single victim and sentenced the defendant to two consecutive ten-year sentences as to Counts 1 and 2.

cating that he could have left a fingerprint at the crime scene at any time and the fact that he had not been positively identified, arguing that the State's case was predicated upon no more than weak circumstantial evidence.

On appeal, the evidence must be viewed to uphold the verdict; the appellant is no longer presumed innocent; and the evidence is reviewed for sufficiency alone, the court neither weighing the evidence nor determining witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737) (1990). Further, to support the verdict, "[c]ircumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. [Cits.]" *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

> Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused[ ] is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. Only where the evidence is insupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.

(Citations omitted.) *Brown v. State*, 245 Ga. App. 706, 709 (1) (538 SE2d 788) (2000).

We decline to disturb the jury's verdict in this case. The circumstantial evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of armed robbery as alleged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 21, 2001.

*Howard & Delaney, Stephen A. Delaney*, for appellant.
*Patrick H. Head, District Attorney, Laura J. Murphree, Dana J. Norman, Assistant District Attorneys*, for appellee.