A01A2173. JOHNSON v. THE STATE.
(554 SE2d 587)

ELDRIDGE, Judge.

A Richmond County jury convicted Pamela Denise Johnson of three counts of financial transaction card theft, one count of forgery in the first degree and one count of giving a false name. She was sentenced consecutively to 20 years confinement. The defendant appeals from the superior court's denial of her motion for new trial, as amended, contending that the superior court: (1) erred because the evidence was insufficient to support her convictions of financial transaction card theft (three counts) and forgery in the first degree (one count); (2) erred in that she was denied effective assistance of counsel; (3) erred in charging the jury it could consider the number of witnesses and exhibits on each side of the case; and (4) erred in charging the jury as to circumstantial evidence. Finding defendant's claims of error to be without merit, we affirm.

The evidence, viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), showed that the defendant and a male companion entered an Augusta insurance agency in the late afternoon of July 28, 1995. The defendant asked to use the restroom and, although she had no business to conduct, was permitted to enter a secured work area where restrooms were located. At that time the victim left the area to go on break. Once in the restroom, the defendant remained there not more than a minute before exiting, running from the restroom to her victim's empty desk. She doubled over in the victim's chair while clutching her stomach and, nearly in tears, stated that she thought she was pregnant and was having trouble. As she did so, she turned in the direction of the victim's purse which was located on the floor under the victim's typewriter. From an adjacent desk, a nearby worker described the episode as ending as suddenly as it had begun: "The defendant jumped up quickly, like I say and said she was fine." Twenty minutes after the defendant departed, the victim discovered her wallet and all its contents missing, including two credit cards.

In addition, there was testimony as to a second incident wherein

a checkbook belonging to a north Augusta beauty shop patron was stolen late in July or in early August 1995. Evidence showed that the defendant used one of the stolen checks to pay for a haircut she got at another beauty shop on August 11, 1995; in the presence of the proprietor, the defendant signed the check in the name of the woman whose checkbook had been stolen. The proprietor testified that minutes after the defendant left the beauty shop, she discovered that her wallet and all her credit cards had been taken from her purse — this after the defendant had asked for a wet towel saying that she was perspiring, which request caused the proprietor to leave the defendant momentarily to get such a towel from the rear of the shop. In further testimony, the proprietor indicated that her purse had been on the floor under her desk. The desk was open-faced and opposite the defendant as she got her hair done.

A third victim testified that on August 18, 1995, her wallet and credit cards had been taken from her purse at the clinic where she was employed. In this regard, the evidence showed that the defendant again asked to use the bathroom. On leaving, the defendant indicated she was starting a cleaning business and asked if there were an interest in using her as a cleaning lady. With her back to the victim and the victim's unzipped purse on the floor below her, the defendant knelt to write out her address information. Two minutes after the defendant's departure from the premises, the third victim discovered her wallet and credit cards missing. No one else had been present. Upon being arrested on August 18, the defendant falsely identified herself to the arresting officer. *Held:*

1. A jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the criminal offense beyond a reasonable doubt. *Jackson v. Virginia,* supra. While the defendant was not directly observed in taking financial transaction cards as alleged and no stolen credit card was recovered, the "testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Moreover, as noted below, to support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State,* 257 Ga. 381, 382 (359 SE2d 662) (1987); *Tweedell v. State,* 248 Ga. App. 187, 189 (546 SE2d 306) (2001). Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of the defendant's guilt was substantially a question for the jury. *Brown v. State,* 245 Ga. App. 706, 709 (1) (538 SE2d 788) (2000). Further, the defendant's denial of all charges against her raised no more than a question of her credibility as a witness. Such a question is likewise solely within the province of the jury as finder of fact; on appeal, we likewise do not determine witness credibility but determine the sufficiency of the evidence

alone. *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997).

So construed, we conclude that the circumstantial evidence in this case was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses as charged. *Harris v. State*, 166 Ga. App. 202, 203 (1) (303 SE2d 534) (1983).

2. The defendant claims she received ineffective assistance of counsel at trial because her attorney failed to investigate and become familiar with her file, causing him to be unprepared at trial. We disagree.

To reverse a conviction upon a claim of ineffectiveness of counsel, the defendant has the burden of proving not only that counsel's performance was deficient, but that the deficiency so prejudiced her defense that there is a reasonable probability that the outcome of the trial would have been different in the absence thereof. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). We will not disturb a trial court's finding of effective assistance of counsel unless clearly erroneous. *Thomas v. State*, 246 Ga. App. 448, 449 (1) (540 SE2d 662) (2000).

Defendant contends that trial counsel was unprepared to defend her at trial because he met with her only twice prior to trial, each time for less than an hour; failed to make her aware of the evidence against her; failed to investigate; and failed to confer with her as each witness testified during trial. Defendant's claims to the contrary notwithstanding, trial counsel testified that he recalled meeting with the defendant more than twice before trial; that he met with her for periods of time sufficient to prepare for the trial of the case; that he interviewed the State's witnesses and discussed the strength of the State's case with her; that he shared his view of the likely outcome of a contest in which the credibility of the State's witnesses was pitted against her own; that he asked the defendant for the names of any witnesses who could testify on her behalf, although she supplied none; and that he sought to ensure her participation in her defense by conferring with her at trial. Under these circumstances, the superior court's finding that the defendant was afforded effective assistance of counsel is not clearly erroneous. Consequently, it must be upheld. *Cofield v. State*, 216 Ga. App. 623, 627 (5) (455 SE2d 342) (1995).

3. Citing *Clifford v. State*, 266 Ga. 620, 621 (2) (469 SE2d 155) (1996), the defendant contends that the superior court erred when it charged the jury, "Now while you may consider the number of witnesses on each side of the case and the number of exhibits on each side of the case, you are not required to decide in favor of the side with the most witnesses or exhibits."

While giving this charge in a criminal case is inapt as pertinent

only to the trial of civil cases,[1] reversal need not result if in the context of the charge as a whole such charge may be deemed harmless. *Clifford v. State*, supra, citing *Fountain v. State*, 207 Ga. 144 (1) (60 SE2d 433) (1950), overruled on other grounds, *Lavender v. State*, 234 Ga. 608, 610 (2) (216 SE2d 855) (1975); *Harper v. State*, 201 Ga. 10, 18 (2) (39 SE2d 45) (1946); *Couch v. State*, 73 Ga. App. 153, 158 (5) (35 SE2d 708) (1945). See also *Brinson v. State*, 268 Ga. 227, 229 (4) (486 SE2d 830) (1997). The complained-of charge was here harmless inasmuch as the charge as a whole clearly advised the jury of the State's burden of proof; that the burden of proof never shifted to the defendant to prove her innocence; and that a verdict for the party with the most witnesses and exhibits was not required. Inasmuch as the defendant testified and presented evidence, the charge as an impermissible comment upon the defendant's failure to testify or otherwise present evidence was not in issue. See *Jones v. State*, 272 Ga. 154, 157 (5) (527 SE2d 543) (2000).

4. The defendant contends that the superior court gave an incomplete charge on circumstantial evidence. However, the record shows that the superior court substantially gave the functional equivalent of the OCGA § 24-4-6 charge on circumstantial evidence which the defendant requested, adding only the word "alone" and twice substituting the word "theory" for the word "hypothesis." The superior court neither erred in this regard, nor did it err by altering OCGA § 24-4-6 in further amplifying thereon as follows:

> Circumstantial evidence must exclude only . . . reasonable inferences and theories. It need not remove every possibility of the innocence of the accused. You, the jury, decide whether every reasonable theory other than the guilt of the accused has been excluded, so as to justify the inference beyond a reasonable doubt of the guilt of the accused.

See *Martin v. State*, 235 Ga. App. 844-845 (2) (510 SE2d 602) (1998) (addition of word "alone" to phrase "to warrant conviction on circumstantial evidence" not error as functional equivalent of OCGA § 24-4-6 circumstantial evidence rule).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

---

[1] "The charge may be properly given as part of the instruction to the jury about assessing the credibility of witnesses in a civil case. See Suggested Pattern Jury Instructions, Vol. I: Civil Cases, Part II (D), General Instructions (3rd ed. 1991). This is so because it relates to the quantum of proof in a civil case, that is, a determination of where the preponderance of the evidence lies. OCGA § 24-4-4." *Clifford v. State*, supra at 621 (2), n. 3.

DECIDED SEPTEMBER 4, 2001.

*Ellis R. Garnett,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.