## A02A0738. SMITH v. THE STATE.
### (567 SE2d 322)

JOHNSON, Presiding Judge.

After a bench trial, Damarcus Smith was found guilty of burglary and attempted burglary. He challenges the sufficiency of the evidence to support the convictions, urging that the jury should have believed his testimony that he did not knowingly participate in the crimes with his co-defendant. Smith claims that the jury should not have believed the officer's testimony that he admitted committing the crimes and urges that the state's case was based entirely upon circumstantial evidence. Smith's arguments present no grounds for reversal, so we affirm his convictions.

The evidence, viewed in the light most favorable to the verdict,[1] shows that on April 27, 2001, someone burglarized a home on Smith Chapel Road and attempted to burglarize a home on Hopewell Road. The victim of the Smith Chapel Road burglary testified that someone damaged her door to enter the home and stole a cell phone, cell phone charger, and pocket change.

When two persons attempted to break into the Hopewell Road home, the victim looked out of the door and frightened them. The perpetrators left the scene in a white Dodge pickup truck.

A police officer was dispatched to the Hopewell Road house. While en route, he encountered a white Dodge pickup truck. The officer turned his vehicle around and followed the truck, which had two occupants. He "saw them throwing some items out the window, the passenger side window." He went to the area where the items landed and found two pairs of gloves, a cell phone, and a cell phone charger. This was approximately one mile from the Hopewell Road house. The cell phone and phone charger were later identified by the victim as the ones stolen from her Smith Chapel Road residence.

Police stopped the truck. Smith was the driver, and Tamario Jackson was the passenger. The victim of the attempted burglary was brought to the scene and identified the pickup truck as the one that

---

[1] *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998).

had been at his house. Jackson admitted to the officer that he and Smith burglarized the Smith Chapel Road home.

The officer read Smith his *Miranda* rights and asked him about several burglaries he was investigating. After waiving his *Miranda* rights, Smith admitted that he participated in the two burglaries that day. Smith confessed that he and Jackson tried to enter the second home but were unsuccessful. Smith also stated that he wore a pair of white gloves and Jackson wore brown gloves to commit the offenses. Gloves of the type described were found near the road, next to the stolen cell phone. In a signed statement which he wrote himself, Smith gave details of the crimes.[2] At trial, Smith recanted the statements, saying the officer lied about his verbal confession and that his written statement is being misinterpreted as including confessions, when it does not. He testified that he did not realize Jackson was committing crimes because, at the time, Jackson gave him innocent explanations for what he was doing.

A jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the criminal offense beyond a reasonable doubt.[3] The testimony of a single witness is generally sufficient to establish a fact.[4] Here, the officer testified that Smith confessed to the crimes and Jackson told him that Smith participated in the crimes. Moreover, Smith's written statement incriminated him, particularly the admissions that they *ran* from the scene and had to use force to enter the premises. And, officers found *two* pairs of gloves with the stolen items.

To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt.[5] Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of Smith's guilt was a question for the jury.[6] Only where the evidence is unsupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.[7]

---

[2] On Smith Chapel Road we entered the premises of a white double-wide trailer. Mr. Jackson used a tire iron to enter the house through a side door. So Mr. Jackson retrieved a cellular and battery charger. On Hopewell Road he tried to enter the premises of a beige house. Mr. Jackson tried to kick the door many times unsuccessful and tried to enter from the screen door. We left the premises by running actually into a ditch. Nothing was taken. Mr. Smith will pay for any damage caused to the victim.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] OCGA § 24-4-8.

[5] *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987); *Tweedell v. State*, 248 Ga. App. 187, 189 (546 SE2d 306) (2001).

[6] *Brown v. State*, 245 Ga. App. 706, 709 (1) (538 SE2d 788) (2000).

[7] Id.

Further, Smith's denial of all charges against him raised no more than a question of his credibility as a witness. Such a question is solely within the province of the jury as finder of fact.[8] On appeal, we do not determine witness credibility but only determine the sufficiency of the evidence.[9] The circumstantial evidence in this case was sufficient to enable a rational trier of fact to find Smith guilty beyond a reasonable doubt of the charged offenses.[10]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.

---

[8] *Johnson v. State*, 251 Ga. App. 455, 456 (1) (554 SE2d 587) (2001).
[9] Id. at 456-457 (1).
[10] See *Moore v. State*, 242 Ga. App. 208, 210-211 (1) (529 SE2d 210) (2000); *Ware v. State*, 198 Ga. App. 24, 25-26 (1) (400 SE2d 384) (1990).