### A03A1322. DAVIS v. THE STATE.
(587 SE2d 398)

SMITH, Chief Judge.

Schedrick Davis was found guilty by a jury of one count of entering an auto with intent to commit theft, in violation of OCGA § 16-8-18.[1] Davis was sentenced to five years to serve, and he appeals following the denial of his motion for new trial. In this appeal, he raises the general grounds and challenges rulings by the trial court denying his motion for mistrial and refusing to strike a juror for cause. We find no error and affirm.

1. Davis maintains that the evidence was entirely circumstantial and failed to exclude every reasonable hypothesis other than his guilt. We do not agree.

The evidence presented at trial showed that at approximately 1:30 a.m., an Atlanta police sergeant was working a second job as a security guard at a scrap metal yard on Marietta Street in Atlanta when he received a call informing him that an alarm had been activated at a nearby transmission shop for which he also provided security. He drove to the transmission shop, and upon arrival he heard "metal on metal, like somebody rumbling through something." He peered around the cars, which were parked close together. The officer's "quick-peek" revealed "a black male in dark clothing" in a light colored Thunderbird. He then called for on-duty officers to back him up, informing the dispatcher that he "had an individual that was there breaking into cars." Backup officers arrived shortly thereafter. The officers arranged to cover different sides of the perimeter of the business, and within minutes the off-duty officer received a radio call informing him that a person fitting the description he gave had been observed carrying something away from the premises.

The off-duty officer identified the individual, who had been placed in the back of a patrol car, as the person he had seen in the Thunderbird inside the fence securing the transmission shop. He identified Davis in court as that person.

The officer who apprehended Davis testified that he first observed Davis walking across the street carrying a brown cardboard box. When he pulled over and approached Davis, he was able to see

---

[1] The State placed three other counts of entering an auto included in the indictment on the dead docket.

"several items of stereo equipment" inside the open box. He patted Davis down for weapons and recovered a large yellow flashlight, a small flashlight, two tool knives, and a drill bit from Davis's person.

The off-duty officer had a key to the transmission shop's gate, and after Davis was arrested and secured, he opened the gate in the fence surrounding the property. The officers discovered four vehicles, including two white Thunderbirds, that appeared to have had stereo equipment removed from their consoles. A later inventory of the box Davis was carrying showed that it contained an amplifier, a CD changer, a cassette player, and electric cords.

The transmission shop owner testified that in addition to the streetlights illuminating his property, he had installed high-intensity halogen lights and also had leased a security light from Georgia Power. Both the owner of the transmission repair shop and the owner of the Thunderbird testified that the items recovered from the box were in the Thunderbird when it was brought in for repair.

The State was required to prove that Davis entered an automobile with the intent to commit a theft or a felony therein. OCGA § 16-8-18. The evidence presented at trial showed exactly that. The off-duty police officer positively identified Davis as the man he saw inside a car in the fenced-in lot. He testified that even though he saw Davis only briefly, the lighting was adequate to allow him to see Davis's profile. Although the remainder of the evidence was circumstantial, it was sufficient to support the verdict.

> To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of [defendant's] guilt was a question for the jury.

(Footnotes omitted.) *Smith v. State*, 255 Ga. App. 797, 798 (567 SE2d 322) (2002). It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial. Id. Here, Davis was found just outside the fenced-in property carrying burglary tools, and property that was identified as that taken from a car inside the lot was found on his person. Although this evidence was surely circumstantial, it was not only sufficient, but compelling evidence that Davis had removed the stolen property from cars inside the lot. The jury was authorized to find Davis guilty of entering an auto under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Before trial, Davis successfully moved in limine to prohibit any State's witness from testifying that several break-ins occurred prior to the day he was arrested or that no break-ins occurred after his arrest. He maintains that the trial court erred during the trial in denying his motion for mistrial made when a State's witness mentioned both prohibited facts on several different occasions.

The witness in issue is the off-duty officer who responded to the alarm at the transmission shop. The first mention of prior break-ins occurred when this officer testified that he was working security nearby and that the owner of the transmission shop had approached him because "he kept having some break-ins, had a lot of calls." The defense objected, and after a bench conference during which a motion for mistrial was apparently made and denied, the trial court instructed the officer not to mention it again. The court gave a curative instruction, which informed the jury that the previous break-ins were completely irrelevant and directed the jury to completely disregard the testimony about them. After the curative instruction was given, Davis did not renew the motion for mistrial.

The second instance occurred later in the officer's testimony, when he testified that he "knew from past experience at this location where they were coming in at." The defense immediately objected, but the objection was overruled. No motion for mistrial was made at that time.

A third instance occurred when, in response to a question on cross-examination regarding whether the transmission shop owner had "an interest in the results of this case," the officer testified that "since this arrest was made, there hasn't been another break-in there." The defense again immediately and vociferously objected, and the objection was sustained. This time, however, the defense moved on the record for a mistrial, which was summarily denied.

Davis argues that requiring him to continue with the trial after three separate violations of the agreed-upon prohibition was an abuse of the trial court's discretion, requiring reversal. He argues that the curative instruction given after the first instance was insufficient, both because he had already been prejudiced and because the instruction did not cover the prohibition against mentioning that the break-ins had stopped when Davis was arrested. But this court has held that the failure to renew a motion for mistrial after the court has given a curative instruction waives the right to raise the issue on appeal. *Woodham v. State*, 263 Ga. 580, 582 (3) (439 SE2d 471) (1993).

The second time prohibited testimony was given, Davis neither requested another curative instruction nor moved for mistrial, thereby waiving any issue as to the trial court's failure to give an instruction or grant a mistrial. *Tuten v. State*, 242 Ga. App. 223, 224

(3) (529 SE2d 221) (2000). "In no case will the trial judge's ruling be reversed for not going further than requested." (Citation omitted.) *Zellner v. State*, 260 Ga. 749, 751 (399 SE2d 206) (1991).

After the officer's third violation of the agreed-upon prohibition, no curative instruction was requested. But it was clear both from the curative instruction given and from the court's final charge to the jury that the jury was to consider only the one offense for which Davis was being tried. The court referred to "this offense" and instructed the jury that the State must prove "every material allegation of the accusation . . . beyond a reasonable doubt."

We review the denial of a motion for mistrial under an abuse of discretion standard. *Torres v. State*, 258 Ga. App. 393, 395 (574 SE2d 438) (2002). We can certainly agree that the officer's flagrant violations of an agreed-upon prohibition, particularly after being specifically admonished during the trial, were unacceptable. Nevertheless, we need not decide here whether the trial court abused its discretion in denying the motion for mistrial, because we find that even if error occurred, it was harmless. In light of the trial court's charges to the jury and the overwhelming evidence presented, it is highly probable that such error did not contribute to the jury's verdict. Id. at 395-396.

3. In his last enumeration of error, Davis complains that the trial court erred in refusing to excuse a juror for cause. We do not agree.

First, Davis has not pointed to any place in the record showing that he requested that this juror be excused for cause. He has therefore failed to preserve this issue for review. *Passmore v. State*, 274 Ga. 200, 202 (5) (552 SE2d 816) (2001).

Second, even had this issue been properly preserved, the juror did not meet the standard necessary for disqualification. The juror had raised her hand during voir dire in response to the general question of whether any person on the panel would give undue weight to the testimony of a police officer. When the juror was questioned individually, she responded that she had never had a bad experience with a police officer and was taught to respect them. Defense counsel then asked this juror whether "it would be hard for you to believe an officer who was being untrue." The trial court interrupted and informed defense counsel that the question was improper. Defense counsel attempted several times to argue that he should be able to explore this matter because of the juror's prior response, but the court indicated that it should not have allowed the previous question, either. The court indicated that counsel could ask her "whether she can judge the credibility of witnesses fairly" but could not ask questions about a specific witness the juror had not yet heard. Counsel did not question the juror further. After counsel completed the individual voir dire, the trial court returned to this juror, saying: "I just have to ask you this question. Can you judge the credibility fairly and

impartially of all the witnesses that are called without regard to their status or position?" To this question, the juror responded: "I think I can."

To disqualify a juror for cause, it is necessary to show

> that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand, as a matter of law that the juror be excused for cause.

(Citation and punctuation omitted.) *Wilson v. State,* 220 Ga. App. 487, 488 (1) (469 SE2d 516) (1996). And our courts have held that "it is not error to refuse to allow defense counsel to ask whether a prospective juror would tend to believe or prefer the testimony of a police officer over other testimony. [Cits.]" *Blanco v. State,* 185 Ga. App. 535 (1) (364 SE2d 903) (1988). The juror testified that she could judge the witnesses fairly, and she therefore did not have an opinion that was so fixed and definite as to require disqualification.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 16, 2003.

*André Sailers, Sr.,* for appellant.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney,* for appellee.