## 5958. PERRETT *v.* THE STATE.

RUSSELL, C. J. 1. Where one is tried under a presentment of a grand jury for the offense of using of, to, and in the presence of a named person, who is a witness for the prosecution, certain abusive language tending to cause a breach of the peace, another, who is related to that person within the ninth degree, is disqualified to sit as a juror on the trial; and this is true even though the aggrieved person is not named as prosecutor, and though there is no evidence that he acted as such. Where such relationship is shown to be true without dispute, and it is unquestioned that the relationship was unknown to the defendant or his counsel until after verdict, it is error for the court to refuse the defendant a new trial upon his motion. *McElhannon* v. *State,* 99 *Ga.* 672 (1), 680 (26 S. E. 501). See also *Smith* v. *State,* 2 *Ga. App.* 574 (59 S. E. 311); *Ledford* v. *State,* 75 *Ga.* 856-7; *Lyens* v. *State,* 133 *Ga.* 600 (66 S. E. 792); *Georgia Railroad* v. *Cole,* 73 *Ga.* 713; *Temples* v. *Central Ry. Co.,* 15 *Ga. App.* 115 (82 S. E. 777).

2. Since the original trial was void, and the other errors alleged are not likely to recur upon a subsequent trial, no rulings will be made thereon.

*Judgment reversed. Broyles, J., not presiding.*
DECIDED JULY 3, 1915.

Accusation of misdemeanor; from city court of Blackshear—Judge Mitchell. June 26, 1914.

*Walter A. Milton,* for plaintiff in error.
*S. F. Memory, solicitor,* contra.