31880. SPENCE v. THE STATE.

HALL, Justice.

This is an appeal from the denial of an extraordinary motion for new trial filed by Spence two years after his murder conviction, on the ground that he had just learned that the jury foreman was the father of the police officer who investigated the case for the state and appeared as one of the chief state's witnesses.

Without the necessity for deciding whether, as the state argues, the defense attorney knew of or should have known of this relationship and waived any possible objection (see *Williams v. State,* 206 Ga. 107 (55 SE2d 589) (1949)), we conclude that no statutory ground for disqualification of the juror has been shown to exist. There is no statute disqualifying relatives of state's witnesses, so Spence argues that this witness, Costlow, was so intricately involved with the state's case as to be a "prosecutor" within the meaning of Code Ann. § 59-804

(4), which states that a juror may be objected to on grounds "that he is so near of kin to the prosecutor, or the accused, or the deceased, as to disqualify him. . .".

The general rule is that, "A prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based. 6 Words & Phrases Judicially Defined, 5739." *Eady v. State,* 10 Ga. App. 818 (1) (74 SE 303) (1912). Accord, *Murray v. State,* 30 Ga. App. 373 (118 SE 62) (1923) (ruling that, on unspecified facts, the sheriff was not the prosecutor).

But one who is merely heavily involved in the transaction out of which the prosecution flows is not a "prosecutor." E.g., *Prysock v. State,* 44 Ga. App. 229 (161 SE 153) (1931).

"It has been held that the fact that a juror is closely related to one acting as a partisan for the state in a criminal prosecution, even where such one actively assists in the prosecution by assisting in striking the jury, prompting questions, and suggesting witnesses, affords no ground of challenging such juror for cause. *Harris v. State,* 191 Ga. 243, 248 (12 SE2d 64) and cits." *Durham v. State,* 129 Ga. App. 5 (3) (198 SE2d 387) (1973) (holding sheriff not a "prosecutor" even though he sat at counsel table with the district attorney).

There are a few other circumstances, not presented here, in which one may become a "prosecutor." E.g., *Harris v. State,* 188 Ga. 745 (4 SE2d 651) (1939); *Perrett v. State,* 16 Ga. App. 587 (85 SE 820) (1914).

The case most strongly urged by Spence is *Ethridge v. State,* 164 Ga. 53 (137 SE 784)(1927), in which Sheriff Middlebrooks was held to be the prosecutor and his relatives were disqualified on these facts:

" '[H]e procured the warrant upon which the said Atkinson Ethridge was arrested in said case, and made the affidavit on which said warrant was issued, . . . he personally made investigation as to the said homicide, and as to the identity of the perpetrators, his efforts along this line beginning on the day of the homicide, and continuing through the trial of the said Atkinson Ethridge; that he gave testimony in the case when the

indictment was returned; that he furnished to the solicitor-general and his associate counsel the names of other witnesses upon whose testimony the indictment was returned; that he actively assisted the solicitor-general in the preparation and presentation of said case upon the trial thereof'; 'that he was the prosecutor in said case from its inception until the said case was submitted to the jury trying the same, *and that it was conceded by the state in open court at the time the jury was being selected, both by the solicitor general and the judge, that he was the prosecutor.' " Ethridge v. State,* supra. (Emphasis supplied.)

The instant facts are not comparable to those of *Ethridge.*

The special presentment on which Spence was tried was signed by the district attorney, but the signature space marked "prosecutor" was left blank. Deputy Sheriff Costlow was shown by the trial transcript to have been the first investigating officer on the crime scene, and to have been chief of the investigation, examining evidence and interrogating Spence. He was an important trial witness for the state, and in closing argument the prosecuting attorney referred to him by name as he did numerous other state's witnesses. This does not make Costlow a "prosecutor" within the meaning of the cases.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur specially, and Gunter, J., who concurs in the judgment only.*

ARGUED JANUARY 25, 1977 — DECIDED FEBRUARY 22, 1977.

*John Thomas Chason,* for appellant.
*John T. Perren, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.
The record of defendant's 1974 trial lists A. R. Costlow as a witness for the state and Dewey Costlow on the jury list. It was incumbent upon defense counsel knowing these two facts to discover on voir dire the

relationship between the two and to move for a mistrial under Code Ann. § 59-804 (4) upon learning of Deputy Sheriff Costlow's role as a "prosecutor," if he was a prosecutor. The defendant cannot sit silent at trial hoping for a favorable verdict and, when unsuccessful, move for a new trial on the ground that a juror should have been struck for cause. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951).

I am authorized to state that Justice Ingram joins in this special concurrence.