## A92A2174. STEPHENS v. THE STATE.
(430 SE2d 29)

POPE, Chief Judge.

Defendant was convicted of trafficking in cocaine and possession of cocaine with intent to distribute. The trial court merged the convictions for sentencing, and defendant was sentenced to thirty years for the trafficking conviction, the last ten of which were to be served on probation. Defendant appeals following the denial of his motion and amended motions for new trial.

1. Relying on *Cross v. State*, 196 Ga. App. 714 (397 SE2d 125) (1990), defendant argues that the trial court erred in admitting evidence of a prior drug offense. In *Cross* this court held that test results which showed the presence of cocaine in defendant's blood merely

demonstrated defendant's cocaine use and thus such results were inadmissible as similar conduct in defendant's subsequent trial on charges of selling cocaine. In this case the prior offense evidence admitted at trial showed that defendant had pled guilty to the offense of possessing cocaine after a police officer observed defendant holding a bag containing cocaine residue. According to defendant this evidence shows only that defendant was a cocaine user, based on the assumption that there previously had been some greater quantity of cocaine in the bag defendant was observed holding, and that defendant, or his companions, had ingested the cocaine. We do not agree. Evidence of possession of a bag or container containing residue or traces of cocaine does not demand the conclusion that defendant used, rather than sold or distributed, the cocaine which had at one time been in the bag.

"Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of *another drug crime* and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, *the separate crime* will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." (Citations and punctuation omitted.) *Collins v. State*, 205 Ga. App. 341, 343 (422 SE2d 56) (1992). Our review of the evidence shows that the trial court did not err in finding sufficient similarity between the prior and present drug offenses. Consequently, this enumeration is without merit.

2. We reject defendant's contention that the warrant for the search of the premises in which the contraband was found was issued without probable cause. See, e.g., *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984); *Mize v. State*, 173 Ga. App. 327 (1) (326 SE2d 782) (1985). Consequently, the trial court did not err in denying defendant's motion to suppress.

3. Defendant also challenges the sufficiency of the evidence. The evidence adduced at trial, viewed in the light most favorable to support the verdict, showed the following: Officer R. M. Harrington of the Atlanta Police Department testified that he was on patrol in a marked police car when he observed the defendant and another man standing outside of a house located on McDaniel Street. According to the officer, the defendant was holding a plastic bag containing a substance which, based on the officer's experience, appeared to be cocaine. The defendant and his companion saw the police vehicle and began running towards the house. Officer Harrington got out of his car and gave chase, but the men were able to enter the house and lock the door before the officer reached them. The men subsequently exited the house, but defendant locked the door behind them and refused to let the officer enter the house. Other officers arrived and a search warrant for the premises was obtained. Upon entering the

house the officers discovered the house was bare of furnishings or other items which would indicate occupancy. However, the officers did find three plastic bottles wrapped with black tape concealed inside a space heater located in one of the bedrooms. Upon opening the bottles the officers discovered individual packets of crack cocaine. Officers also discovered more than $2,900 in cash in another space heater located in the living room. A plastic sandwich bag, such as the one the officer saw the defendant holding outside the house, was discovered in the toilet, but this bag was not retrieved by the officers.

In addition to the foregoing, and pursuant to the stipulation of the parties that the results of a polygraph examination would be admissible at trial (see, e.g., *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977); *Fatora v. State*, 185 Ga. App. 15, 19 (3) (363 SE2d 566) (1987)), the State also introduced testimony that defendant gave deceptive responses to questions concerning whether he knew about or owned the contraband and money found inside the house.

Defendant testified at trial and denied any knowledge of the contraband inside the house. Defendant further explained that the only reason he was present on the premises and had a key to the house was that he had been hired to do some work there. Defendant also presented other evidence that he had been hired to do work on the house and that he had been given a key the day before his arrest for that purpose.

It is axiomatic that the appellate court does not weigh the evidence or determine the credibility of the witnesses. E.g., *Hamilton v. State*, 202 Ga. App. 649 (415 SE2d 196) (1992). Applying the test enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize defendant's conviction.

4. Defendant argues that the trial court erred in failing, without request, to charge the jury on the provisions of § 24-4-6, which provides as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." We agree with the defendant that the evidence adduced at trial against him was entirely circumstantial (see, e.g., *Jones v. State*, 207 Ga. App. 46 (427 SE2d 40) (1993)), and thus the failure of the trial court to charge the provisions of OCGA § 24-4-6 constitutes reversible error under the facts of this case. See *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991); *Price v. State*, 180 Ga. App. 215 (1) (348 SE2d 740) (1986).

5. Because of our holding in Division 4, supra, it is unnecessary for us to address defendant's remaining enumeration of error in which he asserts that both his pre-trial and trial counsel were ineffective.

*Judgment reversed. Carley, P. J., and Johnson, J., concur in*

*judgment only.*

### ON MOTION FOR RECONSIDERATION.

As to Division 4, the State argues on motion for reconsideration that the evidence adduced against defendant at trial was not entirely circumstantial because "Officer Harrington *saw* [defendant] holding a bag of cocaine before [defendant] bolted into the house and locked the door." The record shows, however, that the officer did not see defendant holding a bag of cocaine but rather observed defendant holding a bag containing a substance which the officer *suspected* was cocaine. The record also shows that the bag was never recovered and the substance in it was never tested or identified. The contraband that was discovered after the premises were searched was not packaged in plastic bags but rather was concealed inside black plastic bottles. Clearly, the unrecovered, untested and unidentified substance the officer saw the defendant holding, which the officer merely suspected to be cocaine, could not be considered direct evidence of either trafficking in cocaine or possession of cocaine with intent to distribute.

The evidence in this case, although sufficient, was entirely circumstantial and thus the trial court should have charged the provisions of OCGA § 24-4-6. Cf. *Ebenezer v. State*, 191 Ga. App. 901 (6) (383 SE2d 373) (1989).

*The State's motion for reconsideration is therefore denied.*

DECIDED FEBRUARY 24, 1993 —
RECONSIDERATION DENIED MARCH 31, 1993.

*Jeanne M. Canavan*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Sylvia A. Martin, Assistant District Attorneys*, for appellee.