## A99A2155. LATHAN v. THE STATE.
### (526 SE2d 350)

PHIPPS, Judge.

James Lathan was convicted of first degree arson by knowingly causing fire damage to a dwelling house owned by Emily Rousey and leased to Chris Smith. Among other things, Lathan challenges the sufficiency of the evidence and the admission of testimony from Rousey concerning other instances of arson years before the one in this case. Finding the evidence sufficient and an absence of reversible error, we affirm.

The fire occurred in 1997. Lathan and Rousey are former spouses who divorced in 1982, when Rousey resided in the house she currently rents to Smith. Following the divorce, Lathan attempted to reconcile with Rousey, but she was beginning to date other men. On two occasions, fires were set at her house after Lathan had seen Rousey dating. Two other fires were also set at her house after the divorce. One of the four fires had been set with a plastic jug containing gasoline and a piece of a cloth towel used as a wick. The jug was found in a cardboard box in the utility room. Another fire was set in the crawl space of the house with a gasoline jug containing a candle.

The 1997 fire was also started in the utility room of the house, sometime before 2:00 a.m. The fire was started with a plastic milk jug containing gasoline and a cloth wick. The jug was in a cardboard box containing newspapers. Another jug with gasoline was found next to the box. The fire damaged a washer, dryer, and other property owned by Smith and valued at about $600 and required some repainting of the utility room. Rousey waived one month's rent of $300 to help defray Smith's losses and gave him some money to repaint.

Georgia Bureau of Investigation Agent Attaway interviewed Lathan and conducted a consent search of his barn and later his residence. In the barn, Attaway found numerous small boxes very similar in appearance to the box in which the fire was set. Some of the boxes at Lathan's residence bore similar type stamping and dates as the box found at the crime scene. Attaway also found a torn towel which had an unusual type of cross-stitching consistent with that found on the wick at the crime scene. In the refrigerator in Lathan's kitchen, Attaway found a milk jug with labeling consistent with that on the jug used to set the fire. Lathan's wife told police that there were three or four empty milk jugs on the back porch, but only one was found. Unidentified newspapers and a container of gasoline were also found.

A GBI microanalyst examined the towel found in Lathan's barn and the wick found at the crime scene. He testified that both were made of cotton fibers and were similar in design, as both had match-

ing grids and the hem on each was composed of similar pink polyester fibers. The microanalyst further testified that because the edges of the towel and wick were frayed, he could not fit them together so as to conclude that the wick definitely came from the towel. But he testified that "when you place the two together you can see where the towel and the wick were probably once one in the same."

Lathan resides approximately 20 miles, a 25-minute drive, from the crime scene. Lathan's wife informed Attaway that she had been with Lathan on the night of the fire but that she had gone to sleep at about midnight. She told Attaway that she did not believe that Lathan left the house later that evening, but she acknowledged that if he had done so "I cannot say if I would have heard him leave or not."

1. Lathan challenges the sufficiency of the evidence to support the verdict on the ground that this is a case built on circumstantial evidence which does not exclude every reasonable hypothesis save that of guilt.

> "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors." [Cits.] Only where the evidence is insupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial. [Cit.][1]

We do not find the verdict in this case legally unsupportable. Viewed in a light most favorable to the verdict, the evidence authorized a rational trier of fact to find the essential elements of arson beyond a reasonable doubt.[2]

2. Lathan charges the court with error in admitting certain hearsay testimony.

At trial, Lathan's wife was asked whether she had stated when being interviewed by Attaway that she would not have known if her husband had gotten up during the night in question. She denied making such a statement. Attaway later testified that Lathan's wife had told him that she would not necessarily have known if Lathan had left the house that night. Lathan now complains of the court's

---

[1] *Wilson v. State*, 230 Ga. App. 271, 273 (2) (495 SE2d 894) (1998).
[2] See *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997).

overruling his hearsay objection to Attaway's testimony. We find no error, as the witness's out-of-court statement to Attaway was admissible as a prior statement inconsistent with her trial testimony.[3]

3. Lathan contends that the court erred in admitting Rousey's testimony concerning the earlier fires at her house without (a) comparing the probative value of this testimony to its prejudicial effect, and (b) giving a limiting instruction to the jury.

(a) Generally, where the State seeks to admit evidence of similar transactions, the court must conduct a pretrial admissibility hearing at which it determines, among other things, whether the prejudicial effect of the testimony is outweighed by its probative value.[4] But *Wall v. State*[5] held that this pretrial procedure is not required where, as here, the State seeks to prove transactions which are alleged to have arisen out of prior difficulties between the defendant and victim. Consequently, the burden was on Lathan to object to Rousey's testimony on grounds of prejudice outweighing probity. Because no such objection was made, the issue has been waived.

(b) *Wall* does, however, hold that admission of evidence of prior difficulties between the parties should be accompanied by an instruction from the judge explaining the limited use to which the jury may put such evidence.[6] Here, the court did give such an instruction albeit in its general charge to the jury. Certainly in the absence of a request, failure to give the instruction at the time the evidence was introduced does not constitute reversible error.[7]

4. Lathan next complains of the limiting instruction given in the general charge on the ground that there was insufficient evidence to tie him to the earlier fires.

The evidence concerning the similarity of the materials used in both the earlier and the 1997 fires and those found in Lathan's barn, together with Rousey's testimony showing that two of the fires were set at specific times when Lathan could have had a motive to start them, was sufficient to establish by a preponderance of the evidence that Lathan set the earlier fires.[8]

5. Finally, Lathan contends that the court erred in ordering him to pay restitution to Rousey and Smith without holding a hearing and entering written findings.

Immediately after the guilty verdict was announced, the court without objection proceeded to consider the matter of sentencing. The

---

[3] See, e.g., *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997).
[4] See *Hightower v. State*, 210 Ga. App. 386, 387 (1) (436 SE2d 28) (1993).
[5] 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).
[6] Id.
[7] Cf. *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998).
[8] See *Freeman v. State*, 268 Ga. 185, 188 (4) (486 SE2d 348) (1997).

prosecutor thereupon recommended that as a condition of probation, Lathan be ordered to pay restitution to Rousey and Smith in the amounts later ordered by the court. Defense counsel acknowledged that Lathan was gainfully employed, was able to pay reasonable court-ordered sums, and that restitution would be appropriate. Contrary to arguments advanced by Lathan, a sentencing hearing was thus held, and under the circumstances, the absence of written findings does not require a remand.[9]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 3, 1999 —
RECONSIDERATION DENIED JANUARY 7, 2000 — 

*Leo E. Benton, Jr.,* for appellant.
*Michael H. Crawford, District Attorney, William C. Akins, Assistant District Attorney,* for appellee.

---

[9] See *Cannon v. State,* 246 Ga. 754, 755-756 (3) (272 SE2d 709) (1980); compare *Patterson v. State,* 161 Ga. App. 85, 86 (5) (289 SE2d 270) (1982).
[1] 175 Ga. App. 482, 486 (6) (333 SE2d 685) (1985).