A00A0047. PHILLIPS v. THE STATE.
(530 SE2d 1)

BLACKBURN, Presiding Judge.

Willa M. Brown Phillips, following a jury trial, appeals her conviction for tampering with evidence, contending that the State presented insufficient evidence to support the verdict against her. For the reasons set forth below, we affirm the conviction.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Phillips] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the evidence in this light, the record reveals that, based on a tip by a reliable confidential informant, police executed a "no-knock" search warrant on Phillips' home. When the police entered the home, Phillips was in the kitchen by herself standing near the sink, although there were others in her house at the time. The water in the sink was running, and the garbage disposal was running. Seeing the police in her home, Phillips walked out of the kitchen, and, when presented with the search warrant she stated, "Well y'all not going to find anything here but what's in the sink. Anything else you planted it here." Based on this statement, the police investigated the kitchen sink and its contents. After dismantling the garbage disposal, the police found a piece of a plastic bag covered with cocaine residue. Phillips was then arrested for possession of cocaine and tampering with evidence. Although the jury could not reach a verdict on the charge of possession, Phillips was found guilty of tampering with evidence.

"A person commits the offense of tampering with evidence when, with the intent to prevent the apprehension . . . of any person or to obstruct the prosecution . . . of any person, [she] knowingly destroys, alters, conceals, or disguises physical evidence." OCGA § 16-10-94 (a).

Based on the evidence before it, the jury in this case could infer that Phillips, the only one in the kitchen at the time the warrant was executed, attempted to destroy evidence of cocaine in her home by placing the plastic bag in which it was contained in the garbage disposal. Moreover, Phillips' statement to the police is direct evidence of her knowledge that cocaine had been placed in the garbage disposal. Therefore, the evidence of record is sufficient to support Phillips' conviction for tampering with evidence.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 16, 2000.

*Gerald B. Williams*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.