## A00A1932. BROWN v. THE STATE.
(538 SE2d 788)

ELDRIDGE, Judge.

A Long County jury found Stanley L. Brown guilty of trafficking in cocaine.[1] He appeals, challenging the sufficiency of the evidence introduced against him and alleging error in the trial court's charge. We have reviewed both claims of error and affirm Brown's conviction.

1. When viewed to uphold the verdict,[2] the evidence shows that, at approximately 4:45 p.m., Brown and his co-defendant Patrick Johnson were stopped at a routine license check roadblock set up by

---

[1] Brown was found not guilty on a second count of possession of marijuana with intent to distribute.

[2] *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998).

the Georgia State Patrol northbound on Highway 57 in Long County close to the Long/McIntosh County line. Brown was driving a rented Mitsubishi Gallant; Johnson was in the passenger seat. The road-block was manned by Georgia State Patrol Officers Pimentel and Hodges. Hodges approached the Mitsubishi, and on request, Brown produced his license and the rental agreement for the car. Officer Hodges noted that Brown's name was not on the rental agreement. He asked Brown to step to the rear of the car; Hodges then approached the passenger side to determine if the passenger's name was on the agreement. When the passenger door was opened, a brown paper bag fell out which contained numerous small ziplock bags with a marijuana leaf imprinted on each bag. Officer Hodges shut the passenger door and immediately approached Brown to ask for permission to search the car. Brown consented to the search. However, before Hodges could begin, Johnson climbed from the passenger's seat into the driver's seat and drove off.

Hodges' partner, Officer Pimentel, saw Johnson take off and gave chase. Speeds reached over 120 mph before Pimentel found the Mitsubishi driven off the road and abandoned. Backup was called, and Johnson was located several hours later, after the tracking dog arrived. The Mitsubishi was inventoried. A duct tape-wrapped package of cocaine was found in plain view on the floorboard of the passenger side of the car; the cocaine had a street value of $13,000. Two packages of marijuana were also found under the passenger seat of the Mitsubishi, also having a street value of several thousand dollars.

When questioned, appellant Brown told an officer that his mother-in-law rented the car. Brown told the officer that he did not know Johnson at all, but was just giving him a ride to Darien, Georgia. When Brown was reminded that he had already come through Darien and was heading north, he had no response. Brown then told a different officer that "he had picked up the passenger in Darien and that, you know, he didn't know him and he didn't know about any drugs in the vehicle."

Co-defendant Johnson told an officer that he "[n]ever saw [Brown] before today" and that Johnson picked up the drugs in St. Augustine, Florida. Johnson stated that he was going to Claxton to "party" with the drugs: "I was going to give them away. I was going to have a party." Thereafter, he told the officer that he got the drugs in the men's room of a McDonald's in Jacksonville, Florida. When reminded that he had said St. Augustine earlier, Johnson stated, "No, that is where he [Brown] picked me up." Johnson stated that he already had the drugs when Brown picked him up in St. Augustine and that Brown "didn't know anything." However, St. Augustine, where Brown allegedly picked Johnson up, is well south of Jackson-

wife, where Johnson claims to have obtained the drugs. And the two men were heading north.

In fact, Brown and Johnson are cousins. Brown is not married and does not have a mother-in-law. The Mitsubishi had been rented for Brown in Miami by the mother of a girl that Brown was dating. Brown and Johnson were both from Claxton, Evans County, Georgia, which was where both men were heading when they were stopped at the Long County roadblock.

Before this Court, Brown contends that because (a) he denied knowledge of the drugs; (b) he was cooperative with the police; (c) Johnson stated that Brown knew nothing about the drugs; and (d) the drugs were found on the passenger side of the car where Johnson was riding, the evidence is insufficient to demonstrate the criminal intent necessary to support Brown's conviction. We do not agree.

> One who intentionally aids or abets in the commission of a crime is a party to it. OCGA § 16-2-20 (b) (3). It is true mere presence at the scene of a crime, even coupled with knowledge and approval, is insufficient to convict one of being a party. However, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.[3]

If the totality of circumstantial evidence is sufficient to connect the defendant with the possession of the drugs, the conviction will be sustained, even though there is evidence to authorize a contrary finding.[4] "Moreover, where transactions involving relatives are under review, slight circumstances are often sufficient to induce a belief that there was collusion between the parties."[5]

In this case, the jury was authorized to infer Brown knew that he and Johnson were transporting cocaine from the fact that the vehicle was in Brown's possession and the duct-taped brick of cocaine was in plain view on the floor of the car; that Brown and Johnson are cousins; that together the two men were traveling from Florida to

[3] (Citations and punctuation omitted.) Cummings v. State, 227 Ga. App. 564, 566 (489 SE2d 370) (1997).

[4] Brown v. State, 224 Ga. App. 595, 596-597 (507 SE2d 175) (1998), Blair v. State, 216 Ga. App. 545, 546-547 (1) (455 SE2d 97) (1995).

[5] (Punctuation omitted.) Brown v. State, supra at 597; Carter v. State, 188 Ga. App. 464, 465 (1) (373 SE2d 277) (1988).

Claxton; and that, before being questioned by police, Brown volunteered that he did not know anything about any "dope in the car." In addition, when Johnson demonstrated his guilt by fleeing, Brown lied to police about his relationship with Johnson, claiming that he did not even know him; Brown lied to police about where he picked Johnson up and where he was going to drop him off; and Brown told different stories to different officers regarding the purpose for which Johnson and he were together.

> Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. Only where the evidence is insupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.[6]

We will not disturb the jury's verdict in this case. The circumstantial evidence was sufficient for a rational trier of fact to find Brown guilty beyond a reasonable doubt of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We also find no basis for reversal in the trial court's failure to charge on the definitions of actual and constructive possession. The charge was not requested. Moreover, when the jury asked for clarification, counsel for Brown expressly objected to charging on such definitions: "Well, that's not what the jury asked for. I'm objecting . . . to any additional charges on it. What she [foreperson] requested was the statute as it applied to trafficking and possession." On appeal, one cannot complain of a judgment, order, ruling, or charge that his own procedure or conduct aided in causing.[7]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 29, 2000.

*C. Nathaniel Merritt*, for appellant.
*J. Thomas Durden, Jr., District Attorney*, for appellee.

---

[6] (Citations and punctuation omitted.) *Lathan v. State*, 241 Ga. App. 750, 751 (1) (526 SE2d 350) (1999). See also *Cantrell v. State*, 230 Ga. App. 693, 695 (498 SE2d 90) (1998).

[7] *Wright v. State*, 199 Ga. App. 718, 719 (2) (405 SE2d 757) (1991).