A01A0755. WEBB v. THE STATE.
(547 SE2d 767)

ELDRIDGE, Judge.

A Dodge County jury found Remon Webb guilty of possession of drugs by an inmate under OCGA §§ 42-5-18 and 42-5-19, which charge arose after correctional officers discovered a plastic baggie of

---

marijuana in Webb's locker during a random, prison cell "shakedown." He appeals claiming that the evidence was insufficient to support the verdict and that he received ineffective assistance of trial counsel. After reviewing these claims of error, we affirm Webb's conviction.

1. When reviewing the sufficiency of the evidence, this Court views the record in a light most favorable to upholding the verdict.[1] We do not weigh the evidence or judge witness credibility, those tasks being solely in the province of the jury. Instead, we look to see if the verdict is supported by evidence of record as to the essential elements of the crime charged so that a rational trier of fact may have found the defendant guilty beyond a reasonable doubt. "The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

Here, the record shows that each cell at Dodge State Prison houses two inmates and contains two personal lockers, one for each inmate's use. Each locker is secured with a combination lock to which only the assigned inmate knows the combination, although it can be opened with a master key maintained by prison officials. The evidence shows that random "shakedowns," i.e., searches, of the inmates' persons and their cells are conducted on a routine basis for purposes of prison security and officer safety.

At 4:00 a.m. on July 5, 1999, Dodge prison correctional officers conducted a routine, random search of Webb's prison cell. Testimony showed that, at the time of the search, Webb's locker was locked. The locker was opened and searched. In the back of the second shelf of Webb's locker under some clothing, the officers found a baggie of marijuana hidden inside a package of Bugler cigarette tobacco. Webb was charged under OCGA § 42-5-18 (b), which proscribes possession of drugs by a prison inmate.

At trial, Webb did not deny that the marijuana was found in the Bugler box in his locker, but maintained that his locker had been left open so that the searching officers or his cellmate, Ron Ivey, could have planted the drugs in his locker. The jury, however, rejected Webb's defense and found him guilty as charged.

On appeal, Webb contends that evidence of his possession of the marijuana was circumstantial only and did not exclude the "reasonable hypothesis" that his cellmate and/or the searching officers had equal access to his locker and could have planted the drug therein.

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

[2] (Citation and punctuation omitted.) *Phillips v. State*, 242 Ga. App. 404 (530 SE2d 1) (2000).

Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused[ ] is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. Only where the evidence is insupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.[3]

In this case, the jury heard testimony that the prison cells remain locked at all times; that there is no way to access an inmate's locker without the combination or the administration's master key; that Webb's locker was locked at the time of the search; that the marijuana was found secreted under Webb's clothes in the back of Webb's locker; that the marijuana was found hidden in a Bugler tobacco package; and that the Bugler tobacco package belonged to Webb.

As a matter of law, this circumstantial evidence supports the jury's conclusion that Webb was in possession of the marijuana. Accordingly, the evidence is sufficient for a rational trier of fact to have found Webb guilty beyond a reasonable doubt of the offense as charged. Contrary evidence and the suggestion that the marijuana was planted by Ivey or the correctional officers came solely from Webb in his trial testimony, which the jury was entitled to reject on a credibility basis.[4]

2. Webb raises a claim of ineffective assistance of trial counsel, contending that his trial attorney failed to subpoena several witnesses who, allegedly, could have supported Webb's equal access defense.

The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*[5] asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency.[6] A trial court's finding that an accused received effective assistance will be affirmed on appeal unless that determination is clearly erroneous.[7] And a trial court is authorized to find the decision not to call certain individuals

---

[3] (Citations and punctuation omitted.) *Lathan v. State*, 241 Ga. App. 750, 751 (1) (526 SE2d 350) (1999).

[4] *Wehunt v. State*, 270 Ga. 456, 459 (511 SE2d 163) (1999).

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Braswell v. State*, 245 Ga. App. 602, 606 (7) (538 SE2d 492) (2000).

[7] *Young v. State*, 245 Ga. App. 684, 685 (2) (538 SE2d 760) (2000).

as witnesses a reasonable defense strategy.[8]

In that regard, we do not find error in the trial court's conclusion that Webb received effective assistance of counsel at trial. Three of Webb's allegedly helpful witnesses were those individuals upon whom Webb attempted to pin the offense, i.e., cellmate Ivey and two of the officers who searched Webb's cell. Such witnesses can hardly be expected to provide testimony in support of Webb's defense at their own expense. Moreover, Webb's trial attorney testified at the motion for new trial that Webb never asked him to subpoena Ivey and that his interview with the two officers showed that their testimony would not benefit Webb at all. The record further shows that the two remaining "helpful" witnesses had no knowledge of the offense as charged and thus would be unable to provide relevant, exculpatory evidence.

Finally, Webb failed to call any of these allegedly exculpatory witnesses to testify at the motion for new trial; thus, we concur with the trial court's finding that Webb "provided no evidence, other than bare allegations, that the testimony of these witnesses would have changed the outcome of the proceedings."

Neither prong of the *Strickland* standard being shown, Webb's claim of ineffective assistance of trial counsel fails.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 12, 2001.

*Walter E. Baker*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.

---

[8] *Allen v. State*, 272 Ga. 513, 517 (530 SE2d 186) (2000).