A01A1169. SPANN v. THE STATE.
(551 SE2d 755)

ELDRIDGE, Judge.

A Dougherty County jury convicted defendant Gregory Spann of one count of criminal damage to property in the second degree and one count of battery. OCGA § 16-7-23 (a) (1).[1] The superior court sentenced him as a recidivist to concurrent sentences of five years and twelve months confinement to serve, respectively. Defendant appeals, contending that the evidence was insufficient to support his conviction for criminal damage to property in the second degree for lack of competent evidence valuing damages as in excess of $500. We disagree and affirm.

Reviewed in the light most favorable to the verdict, *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998), the evidence shows that in the late afternoon of October 26, 1998, in the residence he shared with his girlfriend, the defendant and his victim argued over money while playing cards. The victim left the residence thinking the issue closed, returning after dark when he received a call telling him that his car, a purple Oldsmobile 98, had been vandalized. After seeing the damage to his vehicle, the victim called the police.

At trial, the investigating officer estimated the value of the damage done as in excess of $500, his testimony indicating that a cinder block had been thrown through the rear window of the victim's car; that the driver's side window had been broken out in its entirety; that the passenger's side window had been significantly chipped; that the passenger's door had been dented and its paint scratched; and that one of the front tires had been cut. Police photographs of the damage introduced by the State visually depicted the extent of such damage.

Through counsel's closing argument, the defendant admitted the damage done. In other testimony, the victim indicated that he had purchased replacement windows for approximately $32; that he could obtain replacement tires for $20 each; and that he had not had the car repaired.

Under OCGA § 16-7-23, the value of damage to the property of

---

[1] OCGA § 16-7-23 (a) (1) provides: "A person commits the offense of criminal damage to property in the second degree when he . . . [i]ntentionally damages any property of another person without his [or her] consent and the damage thereto exceeds $500."

another may be established by several means. A lay witness may give opinion testimony as to such value, subject to stating the factual predicate on which the opinion is based or otherwise showing that he or she had the opportunity to form a reliable opinion. *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978); *In the Interest of A. F.*, 236 Ga. App. 60 (1) (510 SE2d 910) (1999). The cost of an item may be sufficient to show the value of damage to everyday items if supported by other evidence showing the before and after condition of the item. Id. Compare *Pate v. State*, 158 Ga. App. 395, 396 (2) (280 SE2d 414) (1981) (cost or purchase price evidence alone insufficient to show damage). "Evidence of the cost to repair an item may also suffice. [Cits.]" *In the Interest of A. F.*, supra.

Herein, evidence of damage as in excess of $500 was established by the opinion testimony of the investigating police officer testifying as a lay witness and the photographs he took at the scene. The latter, depicting in graphic detail extensive damage to the victim's car, fully corroborated the officer's estimate of the value of the damage done to the victim's vehicle.

On appeal, the evidence must be viewed to uphold the verdict; the appellant is no longer presumed innocent; and the evidence is reviewed for sufficiency alone, the court neither weighing the evidence nor determining witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737) (1990). Further, to support a verdict, "circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. [Cits.]" *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). Whether circumstances are sufficient to exclude every reasonable hypothesis except that of the accused's guilt is a jury question. *Brown v. State*, 245 Ga. App. 706, 708 (1) (538 SE2d 788) (2000). Only in the event the evidence is unsupportable as a matter of law may a jury's verdict be disturbed, whether the evidence be circumstantial or otherwise. Id.

We decline to disturb the jury's verdict in this case. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of criminal damage to property in the second degree as alleged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 2, 2001.

*John P. Cannon*, for appellant.

*Kenneth B. Hodges III, District Attorney, Leisa Meadows, Assistant District Attorney,* for appellee.