## A03A2007. WISELEY v. THE STATE.
### (588 SE2d 277)

ANDREWS, Presiding Judge.

Dwayne Edward Wiseley was found guilty by a jury of criminal damage to property in the second degree. On appeal, he claims the evidence was insufficient to support his conviction because the State failed to prove that the damage to the property exceeded $500. For the following reasons, we reverse.

Under OCGA § 16-7-23 (a) (1), "[a] person commits the offense of criminal damage to property in the second degree when he . . . [i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00." The State charged that Wiseley intentionally pried open and damaged two drink vending machines owned by the Atlanta Coca-Cola Bottling Company and thereby caused over $500 of damage to the machines.

Wiseley does not challenge the sufficiency of the State's circumstantial evidence showing that he damaged the two drink machines. To prove the amount of the damage, the State provided testimony from a Coca-Cola sales manager. The manager testified that, as part of his management responsibilities over vending machines, he had knowledge that the machines were damaged, and, because the damage could not be repaired where the machines were located, both machines had to be removed and replaced by new machines. Although he testified that each new machine cost $1,200, he did not testify as to the amount it cost to repair the damaged machines. Contrary to the State's contention, the manager did not testify that the machines were damaged beyond repair but only that they were not repairable "on site." The State also introduced photographs showing the damage to the machines.

In order to sustain the conviction, the State was required to produce evidence from which the jury could conclude beyond a reasonable doubt that Wiseley caused damage to the machines in excess of $500. OCGA § 16-7-23 (a) (1). The State provided no testimony as to the dollar amount of damage to the machines or the cost of repairs. The photographs showing the physical damage to the vending machines and testimony as to the value of new machines were insufficient to carry the State's burden of proof. See *In the Interest of A. F.,* 236 Ga. App. 60 (510 SE2d 910) (1999); compare *Spann v. State,* 250 Ga. App. 354, 355 (551 SE2d 755) (2001) (cost of an item may be suf-

ficient to show value of damages to everyday items if coupled with other evidence showing the before and after condition of the item).

*Judgment reversed. Adams, J., concurs. Barnes, J., concurs in the judgment only.*

DECIDED SEPTEMBER 30, 2003.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.